UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
UNITED STATES OF AMERICA,

                                          MEMORANDUM AND ORDER

               Plaintiff,                   CR 02-1168

   -against-                               (Wexler, J.)

LAJOHN WICKER,

               Defendant.
----------------------------------------------------------X

APPEARANCES:

    BENTON J. CAMPBELL, UNITED STATES ATTORNEY
    EASTERN DISTRICT OF NEW YORK
    610 Federal Plaza
    Central Islip, New York 11722-4454
    BY: BURTON T. RYAN, ESQ., ASSISTANT UNITED STATES ATTORNEY

    LAJOHN WICKER, Defendant, Pro Se
    No. 68198-053
    Fairton Federal Correctional Institution
    P.O. Box 420
    Fairton, New Jersey 08320

WEXLER, J.

    Presently before the court is the motion of Defendant LaJohn Wicker ("Defendant") motion to modify his term of imprisonment. Defendant seeks modification on the ground that the Sentencing Guideline base offense level for his crime has recently been changed, so as to be reduced by two levels.

    On October 21, 2002, Defendant pled guilty to a single count of a four count information charging him with distribution of five or more grams of cocaine base, in violation of 18 U.S.C. § 841(a)(1) and 841 (b)(1)(B). The pre-sentence report indicated that Defendant was responsible

1

for the distribution of 56.8 grams of cocaine base. On December 22, 2003, Defendant was sentenced to a term of imprisonment of 87 months. That term is set to expire on November 23, 2008.

At the time of the guilty plea, the Sentencing Guidelines assigned a base offense level of 32. Defendant received a three point reduction for acceptance of responsibility, resulting in an adjusted offense level of 29. Defendant's criminal history category resulted in a guideline sentence range of 151 to 188 months. This court downwardly departed and sentenced Defendant to a term of imprisonment of 87 months.

Pursuant to amendments to the crack cocaine guideline offense levels, effective March 3, 2008, Defendant's base offense level would now be calculated at 30 (instead of 32). The three point reduction for acceptance of responsibility would result in a base offense level of 27. Given the above-referenced criminal history category, this would yield a guideline sentence range of 130-162 months. This range remains significantly higher that this court's sentence of 87 months.

Upon consideration of the papers submitted by the Defendant, and the Government, and the facts surrounding this matter, the court declines to exercise its discretion to further reduce Defendant's sentence. Accordingly, the motion for a reduction of sentence is denied. The Clerk of the Court is directed to terminate the motion.

SO ORDERED.

LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
May 15, 2008